

**U.S. Department of Justice**

*United States Attorneys*
*Eastern District of New York*
*Northern District of Georgia*

December 17, 2018

Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. UBS Securities LLC, et al.*, No. 18-CV-6369 (MKB/PK)

Dear Judge Kuo:

      On November 8, 2018, the United States filed suit against Defendant UBS AG and three of its affiliates (together, "UBS").[1]  We respectfully submit this letter in response to UBS' motion ("UBS Motion") for immediate pre-26(f) conference discovery, or, in the alternative, to compel the United States to complete the entire 26(f) process by the week of December 17.  The motion should be denied as UBS has not made any showing of good cause to justify departing from normal discovery procedures.[2]

      The United States is committed to a reasonable discovery planning process and believes that the parties have an obligation to conduct discovery in a manner that is practicable, *i.e.,* according to a plan that takes into consideration relevance, proportionality with respect to the needs of the case, and discovery burdens and costs. This obligation is all the more compelling in this case given its size and complexity, and the likelihood that discovery will involve non-parties.

      Since the filing of the Complaint, the United States has diligently sought to advance the discovery process ahead of an anticipated initial scheduling conference.  The United States has proposed to exchange initial disclosures by February 1 and to meet for an initial 26(f) conference the following week.  *See* UBS Motion, Ex. G.  The United States has also proposed a draft protective order to UBS and has consented to UBS' request for a 90-day time period to respond to the Complaint. *Id.*  By way of comparison, in an RMBS case filed by the United States in this District of comparable size and scope, *United States v. Barclays*, the parties did not complete the 26(f) process until almost five months after the complaint was filed.  *See* No. 16-CV-7057, ECF

---

[1] The Complaint (ECF 1) asserts claims under the Financial Institutions Reform, Recovery, and Enforcement Act, Pub. L. No. 101-73, 103 Stat. 498, tit. IX, § 951, *codified as amended at* 12 U.S.C. § 1833a ("FIRREA").  It seeks civil penalties for predicate offenses of mail fraud, wire fraud, bank fraud, and violations of 18 U.S.C. §§ 1005 and 1014.  The claims arise out of UBS' underwriting and sale of residential mortgage-backed securities ("RMBS") issued between 2006 and 2007 as part of 40 securitizations (the "Subject Deals") collectively comprising over $41 billion of mortgage loans.

[2] "Expedited discovery is not the norm," *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000); *accord St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 242 (S.D. Tex. 2011) (if expedited discovery was the norm instead of the exception, "there would be no substantive purpose for Federal Rule 26(d)(1).").

49. Nor did any party seek expedited discovery in that case. Nor were any non-party subpoenas issued until after the initial conference. *See* No. 16-CV-7057, ECF 49-1 at 2.

*<u>UBS Has Shown No Cause for Unplanned Immediate and Sweeping Discovery:</u>* UBS has rejected the United States' approach and has instead proposed to commence precipitous and sweeping discovery not framed by any articulated claim or defense in this case.³ Specifically, UBS seeks the "immediate production of all documents the Department of Justice ('DOJ') obtained in investigations relating to residential mortgage-backed securities," irrespective of whether they relate to UBS. *See* UBS Motion, Ex A. UBS has also proposed immediate subpoenas to an as yet undisclosed, though apparently very large, number of non-parties, including investors who were victimized by UBS.⁴ These requests would likely encompass many millions of pages of documents the United States received from non-parties in investigations into other banks issuing RMBS without any regard to whether the documents have anything to do with UBS. This could well lead to extensive motion practice,⁵ despite there being no scheduling order in place and no discovery plan even proposed to the Court, much less so-ordered.

Concerned about the potentially limitless scope and unwieldy nature in which such discovery could unfold, including its effect on non-parties, the United States requested a phone conference on November 16 to discuss the matter with UBS.⁶ During the call, and since then, UBS refused to discuss the reasons it is seeking such discovery and has informed the United States that it would only discuss the scope of discovery after service. *See* UBS Motion, Ex. B at 3 ("the purpose of UBS's proposal, as we explained several times during our call, is to commence discovery, not to negotiate the scope of discovery, which necessarily will follow service of the discovery requests."). The United States believes this approach to discovery is unjustified and will only defeat development of a reasonable discovery plan.

UBS asserts that there is something unfair in routine discovery management one-month into this case and tries to paint a picture that it is at a disadvantage because the United States investigated the matter before filing the Complaint. But UBS has, in its possession, all of the documents it produced to the United States during the investigation, and UBS attended every single investigative interview of its current and former employees. The United States also provided UBS with certain non-party documents in the context of settlement discussions. Additionally, UBS was sued by many of the investors who were victimized by the Subject Deals and has obtained

---

³ To date, UBS has not filed a responsive pleading, which will make resolving any discovery disputes more difficult, particularly given the broad scope of demanded discovery. In *Barclays*, after the initial conference, the Court, in order to assist in "resolving any potential discovery disputes," ordered each defendant to file an answer despite there being a motion to dismiss pending. *See* No. 16-CV-7057, ECF 56.

⁴ *See* UBS Motion, Ex. A ("UBS expects to serve subpoenas on numerous third-parties); Ex. B ("There is no requirement that UBS preview its non-party subpoenas for the USAOs. Because of the massive scope of the USAOs' Complaint, non-party discovery in this case necessarily will be very broad.").

⁵ UBS states that it will notify non-parties that it will not seek to "enforce" its subpoenas right away to try to put off the foreseeable motion practice. But Federal Rule of Civil Procedure 45 requires timely objections and motions to quash, such that non-parties will be forced to take action to protect their rights in the event early subpoenas are issued. UBS clearly anticipates seeking Court orders to "enforce" its subpoenas.

⁶ This call, initiated by the United States, is the only telephonic/in-person interaction the parties have had since the case was filed. UBS did not otherwise call the United States to discuss any issues at all prior to notifying the United States of its intention to file this motion.

discovery from them, including deposition testimony of investors.[7] UBS has had years to study its own documents and evaluate witness testimony and does not need expedited discovery to understand whether it engaged in the conduct set forth in the Complaint.  Indeed, UBS issued a press release before the Complaint was even filed announcing that it "has been fully prepared for some time to defend itself in court."[8]  There is no unfairness in asking UBS to commit to sober planning in this case to ensure that discovery is orderly and susceptible to management by the parties and Court.

*UBS' Spoliation Argument Is Based on Speculation:*  UBS argues that discovery must commence immediately to prevent spoliation of evidence. *See* UBS Motion at 2-3.  In "determining whether to allow expedited discovery . . . courts in this circuit have variously applied either the four-part test derived from *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)—the elements of which track the standard for granting a preliminary injunction—or the more 'flexible standard of reasonableness and good cause,' *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 327 (S.D.N.Y. 2005)." *New York v. Griepp,* No. 17-cv-3706, 2017 WL 3129764, at *1 (E.D.N.Y. July 20, 2017).

UBS has met neither standard.  It offers nothing but speculation that unidentified non-parties will discard unidentified documents at some point in the future citing unidentified document destruction policies and unidentified litigation "winding down."  The only concrete example cited by UBS actually demonstrates that there is in fact no support for its claim.  UBS mentions the wind down of *United States v. Barclays* as raising the specter of spoliation. Yet, in that matter, the United States has expressly informed the Court that it is preserving the documents in *Barclays* due to UBS' demands in *this* case.  *See* No. 16-CV-7057, ECF 141.  UBS can make no showing of "good cause" to justify pre-26(f) discovery by citing any *actual*, as opposed to theoretical, concerns about spoliation.[9]

*UBS' Request to Compel Completion of the 26(f) Process This Week Should be Denied:* UBS alternatively asks the Court to order that the 26(f) process be completed the week of December 17 so that UBS can begin immediately serving discovery thereafter.  As borne out by the course of proceedings in *Barclays*, done properly, the Rule 26(f) process will be multifaceted and time consuming. By proposing that the parties exchange initial disclosures ahead of the conference by February 1, the United States has hoped to set the table for meaningful discussions that will lead to a realistic proposed joint discovery plan. As of now, UBS does not appear to agree to such a process. Instead, UBS unrealistically seeks immediate discovery concerning matters that have nothing to do with this case, specifically settled cases that do not concern the 40 RMBS at issue here but rather purportedly "similar investigations" involving other banks and other RMBS. With respect to UBS' appendix of demands, the United States suggests that the parties discuss these and other demands for information during the 26(f) process.

---

[7] *See, e.g.*, *FHFA v. UBS¸* 11-cv-5201 (S.D.N.Y.), *NCUA v. UBS,* No. 13-cv-6731 (S.D.N.Y.).

[8] *See* [https://www.ubs.com/global/en/ubs-news/r-news-display-ndp/en-20181108-ubs-anticipates-united-states-department-of-justice-will-file-ci.html](https://www.ubs.com/global/en/ubs-news/r-news-display-ndp/en-20181108-ubs-anticipates-united-states-department-of-justice-will-file-ci.html).

[9] Indeed, all litigation involves events that happened at some point in the past.  If vague and non-specific concerns about spoliation in relation to past events could justify expedited discovery, every litigant would be entitled to it.

We appreciate the Court's time and attention to this matter.

                                              Respectfully submitted,

                                              RICHARD P. DONOGHUE
                                              United States Attorney
                                              Eastern District of New York

By:   /s/

                                              BONNI J. PERLIN
                                              MICHAEL J. CASTIGLIONE
                                              RICHARD K. HAYES
                                              Assistant United States Attorneys
                                              271A Cadman Plaza East
                                              Brooklyn, NY  11201-1820
                                              (718) 254-7000


                                              BYUNG J. PAK
                                              United States Attorney
                                              Northern District of Georgia

By:   /s/

                                              ARMEN ADZHEMYAN
                                              AUSTIN M. HALL
                                              Assistant United States Attorneys
                                              Richard B. Russell Federal Building
                                              75 Ted Turner Dr. SW, Suite 600
                                              Atlanta, GA 30303-3309
                                              (404) 581-6000


cc:  All counsel of record (via ECF)