# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 31, 2019

Via ECF

The Honorable Margo K. Brodie,
   United States District Judge,
      United States District Court, Eastern District of New York,
         225 Cadman Plaza East,
           Brooklyn, New York 11201.

      Re:    *United States* v. *UBS Securities LLC*, No. 18-cv-6369 (E.D.N.Y.)

Dear Judge Brodie:

      On behalf of Defendants UBS Securities LLC, UBS AG, Mortgage Asset Securitization Transactions, Inc., and UBS Real Estate Securities, Inc. (collectively, "Defendants"), we respectfully request that the Court consider this brief response to Plaintiff's December 27, 2019 letter (ECF No. 79 ("Pl.'s Ltr. Br.")).

      In its December 10, 2019 Order, the Court directed the parties to submit letter briefs addressing one narrow issue: "whether [the Court] has personal jurisdiction over UBS AG for the non-Home Finance Deals based on the Court's personal jurisdiction over UBS AG for the Home Finance Deals." (ECF No. 76 ("Order") at 45 n.16.) Instead of limiting its letter to that issue, Plaintiff incorrectly contends that certain documents "show that UBS AG was involved in actionable conduct as to all [40 RMBS]." (Pl.'s Ltr. Br. at 1.) Tellingly, these documents were produced to Plaintiff more than four years ago, but Plaintiff did not cite them in its Complaint or opposition to Defendants' motion to dismiss.[1]

      *First*, Plaintiff cites a January 1, 2005 memorandum written on what Plaintiff describes as "UBS AG letterhead." (*See* Pl.'s Ltr. Br., Ex. A.) The memorandum, which is dated more than a *year prior to* the closing date of the first-issued of the 40 RMBS, references UBS AG only in the letterhead, and in no way "indicat[es]" that UBS AG had "direct control of the RMBS business strategy." (Pl.'s Ltr. Br. at 3.) Instead, the memorandum provides an overview of the RMBS business and describes the roles of various legal entities involved, including Defendants UBS Securities LLC, Mortgage Asset Securitization Transactions, Inc., and UBS Real Estate

---

[1]    *See Sharp* v. *Ally Fin., Inc.*, 328 F. Supp. 3d 81, 105 (W.D.N.Y. 2018) ("It is well-established in this Circuit that new arguments raised in successive briefing papers will not be considered where those arguments could have been raised in a previous submission.").

Securities, Inc. (Pl.'s Ltr. Br., Ex. A at 3.) Notably, the memorandum does not indicate that *UBS AG* played *any role* in the RMBS business or connect UBS AG to any of the 38 non-Home Finance RMBS, all of which were issued long after the date of the memorandum. Plaintiff's citation to this memorandum seeks to revive its argument that the Court has specific personal jurisdiction over UBS AG merely because UBS AG "exercised control over its subsidiaries in the US with respect to the RMBS business based in New York." (Pl.'s Ltr. Br. at 3.) The Court correctly rejected this argument in its decision on Defendants' motion to dismiss. (Order at 45 n.16.)

*Second*, Plaintiff claims that the Court has specific personal jurisdiction over UBS AG simply because the trade name "UBS Investment Bank" appears in offering documents for the 40 RMBS, certain working group lists that Defendants identified in their responses and objections to Plaintiff's first set of interrogatories, and an undated policies and procedures document. (*See* Pl.'s Ltr. Br. at 3-4.) "UBS Investment Bank" is not a legal entity, and Plaintiff does not describe, either in its letter or Complaint, what fraudulent conduct "UBS Investment Bank" engaged in with respect to the 38 non-Home Finance RMBS or whether "UBS Investment Bank" did anything at all in New York.[2]

Respectfully,

Robert J. Giuffra, Jr.

cc: All counsel of record (via ECF)

---

[2] "UBS Investment Bank" appears only once in the Complaint, in a paragraph describing the undated policies and procedures document that Plaintiff now cites for the first time as purported support for its personal jurisdiction argument. (Compl. ¶ 167.) The Complaint nowhere alleges any connection between "UBS Investment Bank" and UBS AG.