

U.S. Department of Justice

*United States Attorneys*
*Eastern District of New York*
*Northern District of Georgia*

July 9, 2020

Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. UBS Securities LLC, et al.*, No. 18-CV-6369 (RPK/PK)

Dear Judge Kuo:

    The United States respectfully writes to provide notice of supplemental controlling authority directly adverse to a position taken by defendants in their pending motion to compel discovery from the Department of Housing and Urban Development ("HUD") and the Department of the Treasury ("Treasury") in the above-referenced matter. *See* ECF Nos. 45 (Motion); 52 (Opposition); 53 (Reply); 67 (Supp. Brief of UBS); 69 (Supp. Brief of USA); 70 (Reply of UBS); 72 (Sur-Reply of USA).

    As the Court is aware, the government has brought claims in the above-captioned case pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act, 12 U.S.C. § 1833a ("FIRREA") premised on defendants' misrepresentations in selling residential mortgage-backed securities ("RMBS") in 40 specific transactions (the "Subject Deals"). The Complaint seeks the imposition of the maximum civil penalty available under FIRREA. *See* ECF 1, ¶¶ 32, 802, 813, 820, 825, 830. If, as here, a violation of the statute "*results in* pecuniary loss to a person other than the violator" the statute permits the imposition of a civil penalty up to the amount of such loss. 12 U.S.C. § 1833a(b)(3)(A) (emphasis added).

    In their motion to compel, defendants seek to take discovery from HUD and Treasury premised on the legal assertion that the "results in" statutory language in FIRREA requires that the United States establish proximate causation to prove its claims. *See* ECF 67 at 20-22 & n.13; ECF 70 at 16-17 (United States "must prove not only 'but-for' causation but also proximate cause to obtain a loss-based penalty in this FIRREA case."). On pages 17-18 of their reply brief (ECF 70), defendants argue that purportedly "analogous" cases interpreting statutes using the phrases "because of" and "by reason of" support the "plain meaning" of FIRREA's "results in" language incorporating proximate cause. *See* ECF 70 at 17-18 & n.9.

    The Supreme Court has recently issued a decision directly addressing the plain meaning of these phrases. In *Bostock v. Clayton County, Georgia*, the Supreme Court reaffirmed prior rulings that "the ordinary meaning of 'because of' is 'by reason of' or 'on account of.'" No. 17-1618, 2020 WL 3146686, at *4 (U.S. June 15, 2020). The Court then held that "this means that Title VII's 'because of' test incorporates the 'simple' and 'traditional' standard of but-for causation." *Id*. In addition, the Court discussed the meaning of the "but-for" test, noting that it "can be a sweeping standard," and ruling that:

Often, events have multiple but-for causes. So, for example, if a car accident occurred *both* because the defendant ran a red light and because the plaintiff failed to signal his turn at the intersection, we might call each a but-for cause of the collision.

*Id*. at *5 (citing *Burrage v. United States*, 571 U.S. 204, 211-12 (2014)).

The United States thanks the Court for its consideration in this matter.

Respectfully submitted,

| | |
|---|---|
| RICHARD P. DONOGHUE<br>UNITED STATES ATTORNEY<br>EASTERN DISTRICT OF NEW YORK | BYUNG J. PAK<br>UNITED STATES ATTORNEY<br>NORTHERN DISTRICT OF GEORGIA |
| By: /s/_____<br>BONNI J. PERLIN<br>MICHAEL J. CASTIGLIONE<br>RICHARD K. HAYES<br>Assistant United States Attorneys<br>271A Cadman Plaza East<br>Brooklyn, NY 11201-1820<br>(718) 254-7000 | By: /s/_____<br>ARMEN ADZHEMYAN<br>AUSTIN M. HALL<br>Assistant United States Attorneys<br>600 United States Courthouse<br>75 Ted Turner Dr. SW<br>Atlanta, GA 30303-3309<br>(404) 581-6000 |

cc: All counsel of record (via ECF)