

**U.S. Department of Justice**

*United States Attorneys*
*Eastern District of New York*
*Northern District of Georgia*

February 16, 2021

Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *United States v. UBS Securities LLC, et al.*, No. 18-CV-6369 (RPK/PK)

Dear Judge Kuo:

     The United States writes, with the consent of non-party PHH Mortgage Corporation ("PHH"), pursuant to Your Honor's Rule of Individual Practice VI(A)(1), to seek the entry of an order authorizing the production of certain loan files in response to a Federal Rule of Civil Procedure 45 subpoena served by the government in this case on PHH. For the reasons stated below, the government and non-party PHH request that the Court enter the attached proposed order governing the production of the documents described herein. *See* Exhibit 1, Proposed Order.

     **Background:** As the Court is aware, at the outset of this case, the Court declined to include a prospective blanket waiver of state law borrower notification and consent requirements in the Protective Order governing this case. *See* Minute Order, Mar. 21, 2019. The Protective Order instead authorized, as here, any party to seek additional orders from the Court as necessary with regard to borrower privacy laws as issues arose. Protective Order ¶ 55, ECF No. 34. Since then, the United States has served, pursuant to Rule 45 and in accordance with the Right to Financial Privacy Act ("RFPA") (12 U.S.C. § 3401 *et seq.*), a subpoena on PHH[1] seeking copies of loan files for mortgages underlying the 40 residential mortgage-backed securities ("RMBS") at issue in this case, certain of which are in the possession of PHH in its capacity as a loan servicer. Exhibit 2, Subpoena to PHH/Ocwen, dated May 2, 2019. In response, PHH has worked collaboratively with the United States to identify and produce the requested files.

     As detailed below, PHH has determined that a number of files (approximately 300) are subject to state law borrower notice and/or consent requirements. For this reason, prior to producing these files, PHH seeks the entry of an order, substantially in the attached form, specifically authorizing their production and the manner in which the files will be produced.[2]

---

[1] The subpoena was initially served on Ocwen Loan Servicing, LLC ("Ocwen"). Since that time, Ocwen has merged into PHH, and PHH is the successor entity.

[2] The proposed order seeks to ensure that the non-party borrower information contained in loan files is subject to the safeguards of the Protective Order in this case. *See* Protective Order ¶ 12(a)(vii), ECF No. 34. Per this Order, borrower information may be disclosed only to limited categories of recipients; it may be used only for purposes of this litigation, and all borrower information must be maintained in a safe and secure location and returned or destroyed at the conclusion of the case. *Id.* at ¶¶ 31-53.

Federal law, the RFPA, governs the United States' ability to obtain the loan files at issue. Although the RFPA recognizes the importance of protecting the privacy interests of borrowers, it categorically authorizes the United States to obtain the subpoenaed loan files without notice to or the consent of the borrower and plainly preempts the state law requirements. *See* 12 U.S.C. § 3413(h)(1)(A). State law requirements, such as those at issue here, cannot be applied to the federal government to hinder a validly issued subpoena and must yield to federal law. *See, e.g.*, *United States v. First Bank*, 737 F.2d 269, 273-74 (2d Cir. 1984) (holding that the notice provision of Connecticut's Privacy Act was preempted by federal law authorizing issuance of summons).

Moreover, PHH has indicated that complying with those state law requirements would likely result in the United States being left without loan files relevant to this case because a large portion of the remaining files are subject to state laws requiring express borrower authorization prior to their disclosure, and there is no guarantee that such authorization would ever be provided. The government notes that Magistrate Judge Fox of the Southern District of New York recently entered an order authorizing, among others, non-party PHH to produce loan files without notice and consent. *See* Mem. & Order, *FDIC. v. Credit Suisse,* No. 12-CV-4000 (S.D.N.Y. Feb. 3, 2021), ECF No. 240, attached hereto as Exhibit 3. Judge Fox had similarly declined to enter a prospective blanket waiver of state borrower privacy laws in that case, but has now determined, that entry of an additional order was warranted to prevent undue delay and burden. *Id.* at 10.

**The Loan Files Are Relevant:**  The documents at issue are plainly relevant, as the Complaint alleges that UBS violated the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1833a, by knowingly making false statements to investors in connection with the issuance of 40 RMBS between 2006 and 2007. *See* Compl., ECF No. 1. The government is, among other things, in the process of re-underwriting samples of the loan files backing the 40 RMBS to provide expert testimony at trial. This testimony would be relevant to the objective falsity of Defendants' representations to investors that the loans securitized were underwritten in compliance with underwriting guidelines. *See id.* ¶¶ 120-30. This testimony would also rebut Defendants' assertions that there were no misrepresentations.[3]

**State Law Must Yield to Federal Law:**  PHH has determined that approximately 300 loan files requested by the government are subject to state law borrower notice and consent requirements. Federal law, the RFPA, authorizes the government to obtain these files without notifying or obtaining the consent of any borrowers and therefore any state law requirement preventing the production of these files must yield to an RFPA-compliant subpoena under the Supremacy Clause. *See Hines v. Davidowitz*, 312 U.S. 52, 66-67 (1941) ("[S]tates cannot, inconsistently with the purpose of Congress, conflict or interfere with, curtail or complement, the federal law, or enforce additional or auxiliary regulations."); *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 377 (2015) (Conflict preemption arises "where the state law stands as an obstacle to the

---

[3] Forensic re-underwriting reviews of many of Defendants' RMBS have already been completed in other private litigation and have revealed as much as three-quarters of the loans backing these deals did not comply with underwriting guidelines in contravention to what UBS told investors. *See, e.g.*, *Fed. Hous. Fin. Agency v. UBS Americas, Inc., et al.*, 858 F. Supp. 2d 306, 332 (S.D.N.Y. 2012) ("FHFA's forensic review of individual loan files, which found, for example, that out of 996 randomly selected loans included in the ... securitizations, approximately 78% were not underwritten in accord with the applicable underwriting guidelines.").

accomplishment and execution of the full purposes and objectives of Congress." (citation and internal quotation marks omitted).

Under the RFPA, a financial institution may not "provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer" unless certain procedures are followed or certain exceptions under the statute apply. 12 U.S.C. § 3403(a). Generally, unless an exception applies, the RFPA prohibits any federal entity from obtaining access to financial records unless the customer consents or, in certain circumstances, notice is given to the borrower. *See* 12 U.S.C. § 3402. In passing the RFPA, Congress sought "to strike a balance between customers' right of privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations." *Young v. U.S. Dep't of Justice*, No. 87-CV-8307, 1988 WL 131302, at *2 (S.D.N.Y. Nov. 28, 1988).

Section 3413(h)(1)(A) of the RFPA is an exception to the RFPA that permits the Government to subpoena customer records and information from a financial institution without notice or consent. 12 U.S.C. §3413(h)(1)(A). This section authorizes the production of the files at issue. *See id.* It specifically authorizes the United States, as it seeks to do here, to obtain financial records "in connection with a lawful proceeding, investigation, examination, or inspection directed at a financial institution . . . or at a legal entity which is not a customer" without notice to or consent of customers. *Id.* When obtaining documents pursuant to Section 3413(h), the government is required to provide a certificate "[certifying] in writing to the financial institution that it has complied with the applicable provisions of this chapter." *See id.* §§ 3403(b), 3413(h)(2). The government has provided such a certificate to PHH. Schedule D, Exhibit 2 at 43. Notably, Section 3417(c) of the RFPA provides that financial institutions disclosing financial records in good-faith reliance upon this certificate "shall not be liable to the customer" under any state law. *Id.* § 3417(c). As such, federal law explicitly authorizes the United States to obtain the loan files at issue without notice to or consent from the borrowers.[4]

Federal courts, including the Second Circuit, have repeatedly held that state privacy laws requiring consent from non-parties (or notice to non-parties) must give way to federal laws, like the RFPA, that authorize the government to obtain information without such requirements. Controlling authority in the Second Circuit has specifically held that a Connecticut borrower notice law is preempted where a federal statute authorized the IRS to obtain financial records without such notice. *First Bank*, 737 F.2d at 272-74; *see also In re Grand Jury Subpoena (Conn. Sav. Bank)*, 481 F. Supp. 833, 834-35 (D. Conn. 1979) (Connecticut law requiring notice must yield to federal law); *United States v. Wilson*, 571 F. Supp. 1417, 1421 n.11 (S.D.N.Y. 1983) ("[A]ssuming

---

[4] The RFPA is consistent with the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801–6809 ("GLBA"), which applies to financial institutions and governs how such entities deal with the private information of individuals. The GLBA permits financial institutions to disclose borrower information without notification "to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities . . . ." 15 U.S.C. § 6802(e)(8); *see also Barkley v. Olympia Mortg. Co.*, No. 04-CV-875, 2007 WL 656250, at *20 (E.D.N.Y. Feb. 27, 2007) (noting exception and finding protective order "sufficient to protect the identities of . . . customers").

Page 4

[a] state statute would be construed to bar disclosure in the face of compliance with the RFPA, a federal court, confronted with such a conflict, is obliged to ignore the state-created barrier.").[5]

**The Application of State Law in Contravention of Federal Law Will Impede Discovery of Relevant Information:**  PHH has informed the government that adherence to state privacy laws is likely to preclude PHH from producing loan files important to the government's case.  PHH has determined that a substantial portion of the remaining requested loan files in its possession require express borrower authorization under state law prior to their disclosure, which may never be obtained.[6]

Accordingly, the United States, with the consent of non-party PHH, respectfully requests the entry of the attached proposed order to facilitate the production of certain loan files.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York

KURT R. ERSKINE
Acting United States Attorney
Northern District of Georgia

/s/
BONNI J. PERLIN
MICHAEL J. CASTIGLIONE
RICHARD K. HAYES
EDWARD K. NEWMAN
Assistant United States Attorneys
271A Cadman Plaza East
Brooklyn, NY  11201-1820
(718) 254-7000

/s/
ARMEN ADZHEMYAN
AUSTIN M. HALL
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, Suite 600
Atlanta, GA 30303-3309
(404) 581-6000

cc:  All counsel of record (via ECF); Counsel for PHH (via email)

---

[5] *See also United States on Behalf of Agency for Int'l Dev. v. First Nat. Bank of Md.*, 866 F. Supp. 884, 886-87 (D. Md. 1994) (Maryland law requiring notice must yield to federal law); *S.E.C. v. Pac. Bell*, 704 F. Supp. 11, 15-16 (D.D.C. 1989) (California law requiring consent must yield to federal law).

Beyond the RFPA, courts have also held that Federal Rule 45 preempts any state law limitations on production of documents in a federal case.  *See Universitas Educ., LLC v. Nova Grp., Inc.*, 11-CV-1590, 2012 WL 5877420, at *2 (S.D.N.Y. Nov. 21, 2012) ("any limitations imposed by [state law] must yield, pursuant to the Supremacy Clause, to the lawfully issued federal subpoenas"); *Spiegel v. Engagetel,* No. 15-CV-1809, 2015 WL 8986932, at *5 (N.D. Ill. Dec. 16, 2015) (listing cases holding that "litigants cannot use state statutes or constitutional provisions to skirt the requirements of Rule 45").

[6] It is the government's understanding that PHH is prepared to submit further specific factual information on the burden and impracticality of complying with state law notice and/or consent requirements to the extent the Court finds it necessary.