

**U.S. Department of Justice**

*United States Attorneys*
*Eastern District of New York*
*Northern District of Georgia*

April 27, 2021

Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. UBS Securities LLC, et al.*, No. 18-CV-6369 (RPK/PK)

Dear Judge Kovner:

The United States writes to provide notice of supplemental authority relevant to Defendants' pending Rule 72(a) objections to Magistrate Judge Kuo's Memorandum and Opinion dated November 30, 2020.  *See* ECF Nos. 88, 90.

As the Court is aware, the United States filed suit against Defendant UBS AG and three of its affiliates (together, "UBS").  The Complaint (ECF No. 1) asserts claims under the Financial Institutions Reform, Recovery, and Enforcement Act, 12 U.S.C. § 1833a ("FIRREA").  It seeks the imposition of the maximum civil penalties available at law for predicate offenses of mail fraud (18 U.S.C. §1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), and violations of 18 U.S.C. §§ 1005 and 1014.  The claims arise from UBS' underwriting and sale of 40 residential mortgage-backed securities ("RMBS") in 2006 and 2007.

FIRREA's plain language allows for the Court in this case to impose civil penalties up to the amount of the pecuniary losses to any "person other than the violator," if the predicate violation "results in" loss to any such person.  12 U.S.C. § 1833a(b)(3)(A).

In its motion to compel "loss causation" related discovery from the Departments of Housing and Urban Development and Treasury, UBS has taken the position that the use of the word "results" in the statute requires the government to prove proximate causation of losses in order for the Court to be authorized to impose a penalty pursuant to 12 U.S.C. § 1833a(b)(3)(A).  *See* UBS Mot. to Compel 20-22, ECF No. 67; UBS Objs. 23 n.5, ECF No. 90; UBS Reply 8-9, ECF No. 94.

On March 31, 2021, the Second Circuit issued a published opinion, attached hereto, addressing the question of the meaning of "results" in a criminal sentencing statute, holding that the term means "but for" causation and does not incorporate proximate causation.  *See United States v. Felder*, No. 19-897-CR, 2021 WL 1201340, at *6-8 (2d Cir. Mar. 31, 2021).

Page 2

Respectfully submitted,

| | |
|---|---|
| MARK J. LESKO | KURT R. ERSKINE |
| Acting United States Attorney | Acting United States Attorney |
| Eastern District of New York | Northern District of Georgia |
| | |
| /s/ | /s/ |
| BONNI J. PERLIN | ARMEN ADZHEMYAN |
| MICHAEL J. CASTIGLIONE | AUSTIN M. HALL |
| RICHARD K. HAYES | Assistant United States Attorneys |
| EDWARD K. NEWMAN | Richard B. Russell Federal Building |
| MELANIE SPEIGHT | 75 Ted Turner Dr. SW, Suite 600 |
| Assistant United States Attorneys | Atlanta, GA 30303-3309 |
| 271A Cadman Plaza East | (404) 581-6000 |
| Brooklyn, NY 11201-1820 | |
| (718) 254-7000 | |

cc: All counsel of record (via ECF)